IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Hartford Casualty Insurance Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> Farley Associates, Inc., JJF Company, LLC, ) <br> James C. Farley, Jr., James C. Farley, III, ) <br> Janis I. Farley, and Catherine G. Farley, ) <br> ) <br> Defendants. ) <br> _____) | C/A No. 0:13-547-CMC <br><br> **ORDER AND OPINION** <br> **DENYING MOTION** <br> **TO AMEND JUDGMENT** |

This matter is before the court on motion of Plaintiff Hartford Casualty Insurance Company ("Hartford") to amend the judgment entered May 29, 2014. ECF No. 64. Specifically, Hartford seeks to modify the judgment to state that its second through ninth causes of action are dismissed *without* prejudice. Four of the six Defendants (collectively "Remaining Defendants") oppose the motion. The matter is stayed as to two other Defendants, based on their initiation of Chapter 7 bankruptcy proceedings ("Defendants in Bankruptcy"). *See* ECF No. 67 at 1 n.1 (stating in response to motion that Defendants Janis I. Farley and Catherine G. Farley have initiated Chapter 7 proceedings, automatically staying further proceedings as to them); ECF No. 68 at 1 n.1 (conceding in reply that action is stayed as to Defendants in Bankruptcy).[1] For the reasons set forth below, Hartford's motion is denied.

---

[1] Neither side indicates when the bankruptcy proceedings were initiated. It, nonetheless, appears that the proceedings either were initiated after the present motion was filed or Hartford was unaware of any bankruptcy proceedings when it filed the motion to amend.

**BACKGROUND**

**Summary Judgment Order.** On May 12, 2014, the court entered an Opinion and Order granting partial summary judgment to Hartford on its first cause of action (breach of contract) and denying summary judgment on Hartford's second cause of action (common law indemnity). ECF No. 58. After noting that the "order determine[d] liability and partially determine[d] damages as to Hartford's first cause of action" and left "open a relatively discrete damages issue as to" this cause of action "as well as all issues on Hartford's remaining claims[,]" the court instructed the parties as follows:

> Recognizing that Hartford's other causes of action may seek the same damages (*ultimately requiring an election of remedies*) and the possibility that the open damages issue on the first cause of action may be subject to resolution by means other than trial, the court directs the parties to confer and file a status report no later than May 28, 2014, regarding what further proceedings are necessary and appropriate. To the extent trial is necessary, the pretrial deadlines remain as set in the Second Consent Amended Scheduling Order.

ECF No. 58 at 11 (emphasis added).

**Status Reports.** The parties responded separately, though similarly, to this order on May 28, 2014. Hartford's response reads, in full, as follows:

> Pursuant to the Court's Order and Opinion on Motion for Partial Summary Judgment, ECF No. 58, the parties have conferred regarding whether further proceedings before the Court are necessary in the pending lawsuit. The undersigned reports that *no further proceedings are necessary in the pending lawsuit and that final Judgment may be entered in this matter*, pursuant to the Order and Opinion, awarding Plaintiff damages against the Defendants, jointly and severally, in the amount of $10,058,731.97. *Plaintiff reserves all post-Judgment rights* that may be available to it under applicable law.

ECF No. 60 (emphasis added). Defendants' response was similar:

> Pursuant to the Court's Order and Opinion on Motion for Partial Summary Judgment, ECF No. 58, the parties have conferred regarding whether further

> proceedings before the Court are necessary in the pending lawsuit. The Defendants agree that no further proceedings are necessary in the pending lawsuit. The Defendants reserve all post-Judgment rights that may be available to them under applicable law.

ECF No. 61.

**Order to Enter Judgment.** The court entered the following docket text order the following day:

> TEXT ORDER: In light of the parties' status reports, the Clerk of Court is directed to enter judgment jointly and severally against all Defendants in the amount of $10,058,731.97. This amount is awarded pursuant to the court's Order and Opinion on Plaintiff's motion for summary judgment, which granted relief on Plaintiff's claim for contractual indemnification. *The court deems the status report an election of remedies and dismisses all other claims with prejudice.* Judgment shall bear interest at the statutory rate.

ECF No. 62 (entered May 29, 2014) (emphasis added).

Judgment was also entered on May 29, 2014, and included the following relevant language: "[Hartford shall] take nothing of the [Defendants] as to the second through ninth causes of action, and this action is dismissed with prejudice as to those causes of action." ECF No. 63.

## ARGUMENTS

**Rule 59(e) Motion.** Hartford timely filed the present motion on June 25, 2014. The combined motion and memorandum lists the three grounds for alteration or amendment of a judgment pursuant to Fed. R. Civ. P. 59(e), but relies solely on the third: to prevent manifest injustice. ECF No. 64 at 2 (citing *Bagley v. Reynolds,* 5:11-CV-2664, 2012 WL 5207483 (D.S.C. Oct. 22, 2012)). Hartford asserts that "[t]o establish manifest injustice, courts generally require the moving party to prove that it acted with diligence and that it stands to suffer prejudice to a potentially meritorious claim." *Id.* (citing, *e.g.*, *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 408-11 (4th Cir. 2010); *see also id.* at 3 (noting "the due diligence element focuses on whether the manifest

3

injustice [the] motion aims to prevent could have been prevented by some prior action of the movant.").[2] Hartford also notes that "[a] court may find manifest injustice when it makes a ruling on the basis of an 'erroneous understanding of the relevance' of the moving party's request.'" *Id.* at 4 (citing *E.E.O.C. v. Lockheed Martin Corp. Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (finding district court did not abuse its discretion in amending judgment to enforce rather than deny enforcement of an EEOC subpoena where Fourth Circuit precedent "virtually mandate[d]" enforcement)).

Hartford summarizes the events leading to entry of judgment, noting that neither party's status report "requested that the [second through ninth causes of action] be dismissed with prejudice." *Id.* at 4. Hartford argues dismissal of these claims with prejudice was based on an erroneous understanding of the relevance of the parties' status reports in light of two potentially adverse consequences of dismissal with prejudice. First, Hartford asserts that it might be precluded from pursuing the second through ninth causes of action in the event Defendants sought and obtained reversal of the judgment on appeal. *Id.* at 5-6. Second, Hartford asserts it might suffer prejudice in collecting the judgment if any Defendant seeks bankruptcy protection and argues that the dismissal *with prejudice* of the second through ninth causes of action precludes Hartford from arguing that the debt is non-dischargable under 11 U.S.C. § 523. *Id.* at 6. As to the second concern, Hartford argues as follows:

---

[2] To the extent Hartford suggests *Robinson* requires courts addressing a motion under Rule 59(e) to "consider whether the movant has a meritorious defense" or claim, it is mistaken. *See Robinson*, 599 F.3d at 410 n.9 (explaining different standards applicable to motions under Rules 60(b) and 59(e) and stating that "[t]his requirement has never been extended to Rule 59(e) motions.").

4

> Under the Bankruptcy Code, liabilities for money or property obtained by false pretenses, [or] for willful and malicious injury, and debts for fraud or defalcation while acting in a fiduciary capacity, are non-dischargeable in bankruptcy. *See* 11 U.S.C. § 523; *see also Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205 (1979). While the Supreme Court in *Brown* held that res judicata would not apply and the bankruptcy court was not confined to a review of the judgment and record in prior proceedings when considering the dischargeability of a debt, [Defendants] could try to argue that the situation presented here is different from the case before the Supreme Court in *Brown*[, which] involved a prior state court proceeding where the parties agreed to a stipulated judgment as part of a settlement.

*Id.* at 6; *see also id.* at 7 (stating concern Defendants might argue the eight claims dismissed with prejudice had been fully litigated when they had not).

Finally, Hartford argues that a voluntary dismissal is normally without prejudice. *Id.* at 7. Hartford cites several cases in which courts held statements such as that the plaintiff did not intend to pursue a matter further did not equate to a request that the complaint (or remaining claims) be dismissed with prejudice. *Id.* at 7 (citing *Youssef v. Tishman Const. Corp.*, 744 F.3d 821 (2d Cir. 2014); *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039 (9th Cir. 2011); *Smith v. Potter*, 513 F.3d 781 (7th Cir. 2008)).

**Defendants' Opposition.**  In response, Remaining Defendants argue that Hartford has failed to establish manifest injustice, the sole ground on which Hartford relies. ECF No. 67 at 2. They further assert that, to establish manifest injustice, Hartford must show an error by the court which is "direct, obvious, and observable," rather than mere potential prejudice. *Id.* at 3 (citing *Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479, 480 (D.S.C. 2007)). Remaining Defendants argue this standard may not be met under the circumstances in this case because the concerns Hartford raises are the "mere potential for prejudice to exist in the future." *Id.* at 4 (citing *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2001)).

As to Hartford's specific concerns, Remaining Defendants note, first, "that relevant law indicates all nine claims would be revived should this Court's grant of summary judgment be reversed upon appeal." *Id.* at 4-5 (also noting all Defendants offered to waive their rights of appeal, although that offer was declined). Second, without disavowing any intent to distinguish *Brown v. Felsen* in any bankruptcy proceedings that might be initiated, Remaining Defendants assert that Hartford's concerns are merely speculative. In contrast, these Defendants note that dismissing the claims without prejudice would leave Hartford the option of refiling the claims in this court. Remaining Defendants also argue that Hartford could have prevented any difficulties posed by the dismissal with prejudice by wording its status report differently.

**Reply.** In reply, Hartford notes that the potential for bankruptcy proceedings itself is not speculative, as two of the original six Defendants have, in fact, filed bankruptcy petitions. ECF No. 68 at 1. Hartford argues that its express reservation in the status report of all post-judgment rights is inconsistent with any argument that Hartford waived its right to seek correction of the judgment to specify that dismissal was without prejudice. Hartford denies any intent to "litigat[e] the remaining causes of action before this Court," asserting that the purpose of its motion is to "prevent prejudice in the Bankruptcy Court in which two Indemnitors have now filed Chapter 7 petitions." *Id.* at 2. It also distinguishes *Ciralsky*, noting that the appellate court there "remanded the case to the district court to allow it 'to reconsider its Rule 59e decision in light of a clearer understanding of the consequences of denial.'" *Id.* at 3 (quoting *Ciralsky*, 555 F.3d at 673).

## DISCUSSION

### I.  EFFECT OF BANKRUPTCY PETITIONS

As both parties note, two of the original six Defendants have filed bankruptcy petitions and are subject to an automatic stay. ECF Nos. 67 at 1 n.1, 68 at 1 n.1. This court may not, therefore,

6

modify the judgment as to the two Defendants in Bankruptcy.[3]

## II.   EFFECT OF VOLUNTARY DISMISSAL

As noted above, Hartford argues that a voluntary dismissal is normally without prejudice, relying on several cases in which courts held statements such as that the plaintiff did not intend to pursue a matter further did not equate to a request that the complaint (or remaining claims) be dismissed with prejudice. ECF No. 64 at 7 (citing *Youssef v. Tishman Const. Corp.*, 744 F.3d 821 (2d Cir. 2014); *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039 (9th Cir. 2011); *Smith v. Potter*, 513 F.3d 781 (7th Cir. 2008)). None of the cited cases, however, deal with circumstances similar to those here: where a judgment was entered on one claim based on a partial grant of summary judgment and the other claims were dismissed with prejudice based on a status report that the court construed as an election of remedies. *See* ECF No. 58 at 11 (order granting summary judgment on one claim and requesting status reports in light of probability an election of remedies would, ultimately, be required because the "other causes of action may seek the same damages"); ECF No. 60 (Hartford's status report stating that "no further proceedings are necessary in the pending lawsuit and . . . final Judgment may be entered in this matter"); ECF No. 62 (docket text order deeming Hartford's status report to be an election of remedies and directing entry of

---

[3] Although the court does not rest its decision on this basis, it notes that granting the relief sought as to the Remaining Defendants would, at the least, result in complications given that there would be two versions of the judgment in effect. Both versions would impose joint and several liability against all six original Defendants as to the first cause of action. As to the remaining (second through ninth) causes of action, one version of the judgment would grant dismissal with prejudice (as to the Defendants in Bankruptcy), while the other would grant dismissal without prejudice (as to the Remaining Defendants).

judgment).[4]

### III. MANIFEST INJUSTICE BASED ON POTENTIAL APPEAL

As Defendants concede, reversal on appeal would void the judgment and would result in reinstatement of all causes of action. This is because dismissal of those claims was based on the parties' stated positions *in light of* the summary judgment ruling and the court's treatment of Hartford's response as an election of remedies. The potential for reversal on appeal does not, therefore, present a risk of manifest injustice.

### IV. MANIFEST INJUSTICE BASED ON POSSIBLE ARGUMENTS IN BANKRUPTCY PROCEEDINGS

To establish manifest injustice, Hartford must show that it acted with diligence and that it stands to suffer injury that is "direct, obvious, and observable," rather than mere potential prejudice. *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2001); *Register v. Cameron & Barkley Co.*, 481 F. Supp.

---

[4] In contrast to the circumstances in this case, *Youssef* involved voluntary dismissal of an action prior to any defendant filing an answer or motion for summary judgment. The appellate court held that the district court erred in interpreting a letter stating that the plaintiff "has decided not to pursue this matter any further" as an agreement to dismissal *with prejudice* given that the matter was dismissed while the plaintiff still had a right to dismiss without prejudice under Fed. R. Civ. P. 41(a)(1). *Youssef*, 744 F.3d at 823-24.

*Smith v. Potter* also involved a voluntary dismissal under Fed. R. Civ. P. 41(a)(1), prior to defendant filing an answer or motion for summary judgment. *Smith v. Potter*, 513 F.3d at 782. The appellate court held that the district court erred in dismissing the action with prejudice because the motion to dismiss was, "[i]n substance . . . a Rule 41(a)(1) motion[.]" *Id.* at 783.

*WPP Luxembourg* involved a defense challenge to a district court's dismissal of claims without prejudice under Fed. R. Civ. P. 12(b)(6). In affirming the dismissal without prejudice at this early stage in the proceedings, the court cited to cases under Fed. R. Civ. P. 41(a)(2), noting that "[w]here the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal under 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *WPP Luxembourg*, 655 F.3d at 1058 n.6 (internal citations and quotation marks omitted). Nothing in *WPP Luxembourg* (or either of the other cases discussed above) addresses dismissal of claims in the context of entry of judgment, much less entry of judgment under circumstances suggesting an election of remedies).

8

2d 479, 480 (D.S.C. 2007); *see also Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 408-11 (4th Cir. 2010) (discussed *supra* n.2) (declining to impose Rule 60(b)'s requirement that court consider whether Hartford has a meritorious claim on Rule 59(e)).[5]

For purposes of this order, the court assumes that it is not speculative that the four Remaining Defendants may yet seek bankruptcy protection. Given the wording of these Defendants' arguments, which do not disavow such an intent, the court will assume they may seek to distinguish *Brown* in the event they also seek bankruptcy protection or are forced into bankruptcy proceedings. The court will further assume that the fact the judgment states dismissal of the second through ninth causes of action is *with prejudice* provides a basis on which Remaining Defendants might argue that *Brown* is distinguishable.

Based on the above, the court assumes for present purposes that dismissing the second through ninth causes of action with prejudice may, at the least, require Hartford to overcome additional legal arguments to protect its position in bankruptcy proceedings. Assuming those issues were decided against it, Hartford would suffer the further prejudice of being precluded from advancing the relevant bases for avoiding discharge of the debts.

The court does not, however, find that these possibilities warrant a finding of manifest injustice for several reasons. First, the dismissal with prejudice of the second through ninth causes of action was based on the court's interpretation of Hartford's response as an election of remedies. This potential basis for dismissing the claims was referenced in the portion of the Opinion and Order requesting the status report, giving Hartford notice that the court would deem its response an election

---

[5] The court, nonetheless, assumes for purposes of this order that loss of an opportunity to present a meritorious argument may have a bearing on the manifest injustice determination. Such a loss is not, however, sufficient unless it is "direct, obvious, and observable." Here those requirements are not met for reasons addressed below.

of remedies. Had Hartford been concerned with that possibility, it should have made its position clear in its status report by requesting dismissal of the remaining claims without prejudice, rather than stating that "no further proceedings are necessary in the pending lawsuit and . . . final Judgment may be entered in this matter." It was not a clear error of law for the court to deem Hartford's response an election of remedies and to dismiss the second through ninth causes of action with prejudice under these circumstances. *See* Fed. R. Civ. P. 41(a)(2) (providing court with discretion as to the terms of dismissal by stating that dismissal under this subpart is "on terms that the court considers proper" and is without prejudice "*[u]nless the order states otherwise*") (emphasis added).

Second, the court expressly relied on election of remedies as the basis for dismissal in the docket text order directing entry of judgment, making clear that it was not a resolution on the merits of the second through ninth claims. The rationale of *Brown* suggests that dismissal based on such an election would not preclude the defenses to discharge allowed in *Brown*.[6] Under these circumstances, it seems unlikely that *Brown* would be distinguished on the basis of the "with

---

[6] In *Brown*, the Court held that res judicata did not bar a bankruptcy court from going beyond the record and judgment in a state court proceeding in deciding whether guaranteed debt was nondischaragable as a result of fraud, deceit or malicious conversion. In reaching this conclusion, the Court noted that "neither the interests served by res judicata, the process of orderly adjudication in state courts, nor the policies of the Bankruptcy Act would be well served by foreclosing petitioner from submitting additional evidence to prove his case." *Brown*, 442 U.S. at 132. The Court emphasized the practical foundation for this rule, noting that petitioner's failure to pursue a state-law fraud claim did "not conclusively show that petitioner thought respondent was innocent of fraud." *Id*. at 138. It might, instead have been based on a view that "those remedies would not be advantageous to him." *Id.* Footnoting this comment, the Court explained as follows:
> So long as a debtor is solvent, the debtor and creditor alike may prefer a simple contract suit to complex tort litigation. . . . For the creditor, the prospect of increased attorney's fees and the likelihood of driving the debtor into bankruptcy may offset the advantages of exemplary damages or other extraordinary remedies. Bankruptcy deprives the debtor of his creditworthiness and so impairs his ability to repay.

*Id*. at 138, n.8

10

prejudice" designation.[7]   Thus, Hartford has, at most, shown a possibility of prejudice, which is insufficient to establish manifest injustice. *See Ciralsky,* 355 F.3d at 673 (finding district court did not err in denying Rule 59(e) motion where movant had argued only that he might be unfairly prejudiced by dismissal because the statute of limitations might be deemed to have run, but remanding to allow court to consider motion based on a more complete understanding of the consequences of denial).

The alternative to dismissal of the second through ninth causes of action with prejudice is also problematic. If the judgment dismissed the claims without prejudice, the claims would be subject to reassertion in this or any other court (albeit subject to a possible res judicata defense). While Hartford may not intend to reassert the claims except for purposes of avoiding discharge in bankruptcy, the effect of its proposed alternative judgment would allow it to reassert claims in this or any other court. For this reason and given the late stage of the proceedings at the point judgment was entered, the court would not have ended the action with a judgment on one cause of action and dismissal of the remaining eight causes of action without prejudice absent Defendants' express consent.

Finally, the court did not and does not read Hartford's reservation of *post-judgment* rights to suggest agreement only to dismissal of the then-unresolved claims without prejudice. This is because the dismissal is part of the judgment itself, not something that happens thereafter. In contrast, the court reads this reservation as preserving any rights that may exist to collect the judgment, including by opposing discharge in bankruptcy on whatever legal theories are otherwise

---

[7] If *Brown* is distinguished on some other basis, for example, that the underlying decision is that of a federal rather than a state court, the distinction would not be the result of the judgment's specification that the dismissal of the relevant claims is with prejudice. It follows that no other basis for a distinction is relevant to the present motion.

available. It also reserved Hartford's right to appeal or oppose an appeal and to make the present motion, which is denied on the merits, not based on waiver of the right to file a Rule 59(e) motion.

## CONCLUSION

For the reasons set forth above, Hartford's motion to amend the judgment is denied.

IT IS SO ORDERED.

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
August 25, 2014